IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALBERT P. SCHULTZ, (deceased), | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 13-1363 |
| | ) | |
| v. | ) | Judge Nora Barry Fischer |
| | ) | |
| MERIT SYSTEMS PROTECTION BOARD and, | ) | |
| PATRICK DONAHOE, POSTMASTER | ) | |
| GENERAL, | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| ALBERT P. SCHULTZ, (deceased), | ) | |
| | ) | Civil Action No. 14-1159 |
| Plaintiff, | ) | |
| | ) | Judge Nora Barry Fischer |
| v. | ) | |
| | ) | |
| MERIT SYSTEMS PROTECTION BOARD, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

AND NOW, this 11th day of December, 2014, in light of the Status Conference held on October 24, 2014, (Civil Action No. 13-1363 Docket No. [69]); (Civil Action No. 14-1159 Docket No. [15]), a transcript of said proceeding, which was provided to the Court (10/24/14 Transcript),[1] and upon consideration of the Second Amended Complaint, (Civil Action No. 13-1363 Docket No. [35]), Defendant Merit Systems Protection Board's ("MSPB") Motion to Consolidate (Civil Action No. 14-1159 Docket No. [3]), Plaintiff's Opposition to same, (Civil Action No. 14-1159 Docket No. [5]), Defendant MSPB's Motion to Dismiss, (Civil Action No.

---
[1] The transcript has not been filed of record as no party has paid for same, despite the Court's Order. (Civil Action No. 13-1363 Docket No. 69); (Civil Action No. 14-1159 Docket No. 15). The Court refers to its copy of the transcript at this time.

1

13-1363 Docket No. [55]), its brief in support of same, (Civil Action No. 13-1363 Docket No. [56]), this Court's Show Cause Order, (Civil Action No. 13-1363 Docket No. [60]), Plaintiff's Reply to same, (Civil Action No. 13-1363 Docket No. [61]), Defendant MSPB's Motion to File Proposed Order (Civil Action No. 13-1363 Docket No. [68]) and Proposed Order (Civil Action No. 13-1363 Docket No. [68-1]), this Court's Order, (Civil Action No. 13-1363 Docket No. [70]); (Civil Action No. 14-1159 Docket No. [16]), Plaintiff's Reply to same, (Civil Action No. 13-1363 Docket No. [71]); (Civil Action No. 14-1159 Docket No. [17]), Defendant Donahoe's Reply, (Civil Action No. 13-1363 Docket No. [72]), Defendant MSPB's Reply, (Civil Action No. 13-1363 Docket No. [73]); (Civil Action No. 14-1159 Docket No. [18]), Plaintiff's Response to same, (Civil Action No. 13-1363 Docket No. [75]); (Civil Action No. 14-1159 Docket No. [20]), and Defendant MSPB's Notice Concerning the Status of Plaintiff's Petition for Rehearing, (Civil Action No. 13-1363 Docket No. [74]); (Civil Action No. 14-1159 Docket No. [19]),

THE COURT HEREBY ORDERS as follows:

**MOTION FOR REMAND TO THE MSPB/EEOC**

In his Response to this Court's Order, (Civil Action No. 13-1363 Docket No. 70); (Civil Action No. 14-1159 Docket No. 16), Plaintiff claimed, "In any event, this matter should first be remanded to the MSPB for mixed-case appeal rights to the EEOC which will moot the issue and resolve jurisdictional issues." (Civil Action No. 13-1363 Docket No. 71); *see also* (Civil Action No. 14-1159 Docket No. 20) (same). In his November 28, 2014 Response, Plaintiff reiterated, "In any event, if this case is not promptly remanded to the MSPB with direction to issue mixed-case appeal rights, because the Government refuses to address the substantive issues, summary judgment on those issues should be granted in Petitioner-Plaintiff's favor." (Civil Action No. 13-

2

1363 Docket No. 75). Defendants Donahoe and MSPB oppose remand. (Civil Action No. 13-1363 Docket Nos. 72, 73).

The United States Court of Appeals for the Federal Circuit has already addressed this issue, finding that jurisdiction lies in this Court:

> Both this court and the Third Circuit have held that jurisdiction over this case lies in district court. *See Schultz v. Merit Sys. Prot. Bd.*, No. 12-3142, slip. op. at 4 (Fed. Cir. Sept. 17, 2013) (noting that "[t]he petition for attorney fees stems from a mixed case" and "a federal employee should seek judicial review in district court, not in this court, when he claims that an agency action violates an antidiscrimination statute"); *Schultz v. Potter*, 349 Fed. Appx. 712, 714 n.1 (3d Cir. 2009) ("The District Court had jurisdiction over Schultz's action to enforce the MSPB decision pursuant to 5 U.S.C. §7703(b)(2).").
>
> That is the law of this case, which governs these proceedings absent extraordinary circumstances. See *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 815-16 (1988) ("[T]he doctrine [of the law of the case] posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case."); *Texas Am. Oil Corp. v. U.S. Dep't of Energy*, 44 F.3d 1557, 1561-62 (Fed. Cir. 1995) (applying law of the case to jurisdictional ruling); *Doko Farms v. United States*, 861 F.2d 255, 256-57 (Fed. Cir. 1998) (same).

*Schultz v. MSPB*, Case No. 2014-3120, Docket No. 19 at 2-3 (Fed. Cir. Aug. 26, 2014); (Civil Action No. 13-1363 Docket No. 1 at 2-3). To the extent that Plaintiff moves for these matters to be remanded to the MSPB/EEOC for further proceedings, said Motion [71] is DENIED, as this Court finds remand inappropriate under the facts and circumstances of this case.

## MOTION TO CONSOLIDATE

On September 5, 2014, Defendant MSPB filed a Motion to Consolidate Civil Action No. 14-1159 with Civil Action No. 13-1363, (Civil Action No. 14-1159 Docket No. 3). At the October 24, 2014 Status Conference, counsel for Defendant Donahoe consented to consolidation.

3

(10/24/2014 Transcript, No Docket No. at 16:9-17). As discussed, *infra*, the parties had reached a temporary agreement to dismiss MSPB, thereby mooting the consolidation motion. However, in a subsequent filing in this Court, Plaintiff opposed same. (Civil Action No. 14-1159 Docket No. 5 at 9).

Federal Rule of Civil Procedure 42 provides that a Court may consolidate actions before it involving a common question of law or fact. FED.R.CIV.P. 42(a)(2); *see A.S. ex re. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 212 (3d Cir. 2014) (district courts have broad power to consolidate cases that share common questions of law or fact). As the MSPB points out, in both Civil Action No. 13-1363 and Civil Action No. 14-1159, Plaintiff seeks the same attorneys fees based on the same underlying case. (Civil Action No. 13-1363 Docket No. 3 at 1). Furthermore, counsel for Plaintiff stated on the record at the February 6, 2014 Status Conference, "The only issue in this case is whether or not the attorney fee petition was timely before the MSPB based on the settlement agreement and the 2004 MSPB order approving it.." (Civil Action No. 13-1363, 2/6/14 Transcript, Docket No. 33 at 8:3-6). In Civil Action 14-1159, Plaintiff seeks "additional fees he asserts were owed under the settlement agreement." (Civil Action No. 14-1159 Docket No. 1 at 2).

IT IS HEREBY ORDERED that, in light of the above, Defendant MSPB's Motion (Civil Action No. 14-1159 Docket No. [3]) is GRANTED. As such, Civil Action No. 13-1363 and Civil Action No. 14-1159 are hereby CONSOLIDATED.

**DEFENDANT MSPB'S MOTION TO DISMISS**

Having consolidated Civil Action Nos. 13-1363 and 14-1159, the Court now considers Defendant MSPB's Motion to Dismiss, filed on September 5, 2014. (Civil Action No. 13-1363 Docket No. 55). Plaintiff opposes said Motion, (Civil Action No. 13-1363 Docket No. 61).

At the above-described Status Conference in this case, counsel for Defendant Donahoe proposed dismissing the MSPB from Civil Action No. 13-1363 and Civil Action No. 14-1159 and the Court concurred, (10/24/14 Transcript at 17:20-24). After a brief clarification relative to the timeliness of service of the United States Postal Service, counsel for Plaintiff also agreed. (10/24/14 Transcript at 17:25-19:4).

Despite agreeing to same as an officer of the Court, counsel for Plaintiff later claimed he did not agree to dismiss MSPB from Civil Action No. 13-1363 and Civil Action No. 14-1159, thereby dismissing Civil Action No. 14-1159 in its entirety. (10/24/14 Transcript at 21:25-22:3). He then filed other pleadings in opposition to the parties' oral agreement to dismiss MSPB. (Civil Action No. 13-1363 Docket Nos. 71, 75); (Civil Action No. 14-1159 Docket Nos. 17, 20).

In this Court's estimation, Defendant MSPB's November 17, 2014 Reply is well-taken. (Civil Action 13-1363 Docket No. 18); (Civil Action 14-1159 Docket No. 73). MSPB correctly points out that the personnel actions in question were taken by the United States Postal Service. (Civil Action No. 13-1363 Docket No. 73 at 3); (Civil Action 14-1159 Docket No. 18 at 3). The United States Court of Appeals for the Third Circuit has held that the proper defendant in a Title VII action against a federal agency is the department head. *See Williams v. Army and Air Force Exch. Serv.*, 830 F.2d 27, 29 (3d Cir. 1987) (citing 42 U.S.C. 2000e-16(c) ("the head of the department, agency, or unit, as appropriate, shall be the defendant")). As the parties well-know, at the time of the filings described above, Patrick Donahoe was the department head. Hence, he was properly named as the Defendant.[2]

Given same, IT IS HEREBY ORDERED that Defendant MSPB's Motion to Dismiss (Civil Action No. 13-1363 Docket No. [55]) is GRANTED. As MSPB is the only named Defendant in Civil Action 14-1159, said case is DISMISSED, with prejudice, leaving Defendant

---

[2] As he is no longer the department head, the Postal Service should amend the caption.

Donahoe as the only named Defendant in Civil Action 13-1363. However, Defendant Postal Service shall file a Notice of Amended caption to reflect the name of the current department head **by December 19, 2014.**

IT IS FURTHER ORDERED that Member case, Civil Action No. 14-1159, shall be marked "CLOSED" by the Clerk of Court and all further filings shall be made at Lead case, Civil Action No. 13-1363.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf: All counsel of record.