IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALBERT P. SCHULTZ, (Deceased), | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Civil Action No. 13-1363 ) |
| PATRICK DONAHOE, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE, et al., | ) ) ) ) ) |
| Defendants. | ) |

OPINION

On April 18, 2014, Defendant United States Postal Service filed a Motion to Dismiss and for Summary Judgment (Document No. 40), a memorandum of law in support thereof (Document No. 41), and an appendix of exhibits in support thereof (Document No. 42) in this matter. Plaintiff Albert P. Schultz filed a reply in response (Document No. 44), a Cross Motion for Partial Summary Judgment (Document No. 45), and a statement of material facts in support thereof (Document No. 46) on May 9, 2014. On May 30, 2014, Defendant filed a Motion to Strike Plaintiff's Motion for Partial Summary Judgment and Associated Documents (Document No. 50), to which Plaintiff filed a reply (Document No. 52) on June 5, 2014. After careful consideration of the parties' submissions, and for the reasons set forth herein, Defendant's Motion to Dismiss and for Summary Judgment is granted in part and denied in part, Plaintiff's Cross Motion for Partial Summary Judgment is granted in part and denied in part, and Defendant's Motion to Strike is denied.

1

I.      **Background**

Because the parties are familiar with the facts and the complicated procedural history of this case, the Court presents only a brief summary here. This case originated with Plaintiff's filing of a disability discrimination complaint with Defendant, his employer, in which he alleged that he was improperly removed from his mail carrier position. Plaintiff subsequently appealed the agency's decision upholding his removal to the Merit Systems Protections Board ("Board"). In an initial decision, issued on July 11, 1995, a Board Administrative Judge ("AJ") reversed Plaintiff's removal, finding that Defendant had committed disability discrimination, but that Plaintiff had not proven his claim of retaliation, nor had he challenged Defendant's decision to send him home as a constructive suspension. The AJ ordered interim relief for Plaintiff, and both Plaintiff and Defendant filed petitions for review with the Board.

Upon review, the Board held that Defendant had failed to meet its statutory interim relief obligations, and that remand to the Board's regional office was required to adjudicate Plaintiff's claim for compensatory damages and to address Plaintiff's claim of constructive suspension. See Schultz v. United States Postal Serv., 70 M.S.P.R. 633 (June 12, 1996). The Board further ordered Defendant to cancel Plaintiff's removal and restore him to a position of employment, and to issue a check for the appropriate amount of back pay, interest and benefits.

On remand, the AJ found that Plaintiff was not constructively suspended, but did award Plaintiff $5,000.00 in compensatory damages for physical disability discrimination. Upon appeal of this decision, the Board found that Plaintiff's absence became a constructive suspension when Defendant failed to accommodate Plaintiff's physical disability, and it affirmed the finding of physical disability discrimination. See Schultz v. United States Postal Serv., 78 M.S.P.R. 159 (April 21, 1998) (hereinafter "Schultz II"). The Board also held that, since Plaintiff had received

wage replacement benefits from the Office of Workers' Compensation Programs ("OWCP") during the period of constructive suspension, no further remedy was available, and it affirmed the AJ's award of compensatory damages.

Plaintiff next sought review before the Equal Employment Opportunity Commission ("EEOC"), which concurred with the Board's findings on discrimination, but disagreed with the Board's determination that Plaintiff was not entitled to back pay less the amount of OWCP benefits he received for the period of constructive suspension. See Schultz v. Henderson, EEOC Decision No. 03980087, 1999 WL 1001417 (Oct. 14, 1999). Accordingly, the EEOC referred the case back to the Board for further consideration in light of its findings.[1] Upon reconsideration, the Board concurred in and adopted the EEOC's findings, holding that Plaintiff was entitled to back pay with an offset for OWCP benefits he received during the period of constructive suspension. See Schultz v. United States Postal Serv., 89 M.S.P.R. 123 (July 19, 2001) (hereinafter "Schultz III"). Accordingly, the Board ordered Defendant to carry out the EEOC's decision and pay Plaintiff the correct amount of back pay, interest and benefits due under the Back Pay Act, 5 U.S.C. § 5596.

Subsequent to the Board's back pay ruling, on September 17, 2001, Plaintiff filed a petition for enforcement with the Board's regional office, alleging that Defendant had failed to comply with the Board's order to pay proper back pay for the period from 1992 through 1996. On September 13, 2004, the AJ dismissed Plaintiff's petition for enforcement as untimely filed,[2] and the Board affirmed the AJ's decision in a final order on July 22, 2005. Plaintiff appealed the

---

[1] Plaintiff died from a brain hemorrhage on October 16, 2000, and his estate continued to litigate the case thereafter. Plaintiff and his estate are both referred to herein as "Plaintiff."

[2] The AJ found that Plaintiff had notice on April 21, 1998, with the Board's Order in Schultz II, that a final order had been issued by the Board.

3

Board's final order dismissing his enforcement petition to both the United States Court of Appeals for the Federal Circuit and the United States District Court for the Western District of Pennsylvania. After the Federal Circuit noted that the case could not be pursued in two venues at once, however, Plaintiff moved to dismiss his appeal in the Federal Circuit. The Federal Circuit granted Plaintiff's motion, and Plaintiff proceeded with his appeal in the District Court before the Honorable Donnetta Ambrose.

At this point in the litigation, Defendant decided to "abandon[] any argument that the MSPB compliance action was untimely" (although the Board had dismissed the petition below solely on this basis), so the District Court, and the parties, proceeded to resolve the amount of back pay due. (Document No. 41, at 3). On September 16, 2008, the District Court entered judgment in Plaintiff's favor in the amount of $131,957.16.[3] The Third Circuit upheld the District Court's award on appeal, except for a minor change in the computation of interest. Thus, by July 1, 2009, Defendant had paid Plaintiff a total of $279,406.36 ($178,020.36 in back pay and interest, and $101,386.00 in attorney fees and costs).

On January 4, 2010, Plaintiff's counsel ("Counsel")[4] filed a motion with the District Court, seeking additional attorney fees for work performed in connection with the removal and compliance actions before the Board, and also for work done in connection with the District Court appeal. On March 5, 2010, after reviewing Counsel's petition and the attached 8,000 pages of documents, the District Court awarded Counsel approximately $19,000.00 for work at the District Court level and for appeal work before the Board (in both the removal and the compliance actions).

---

[3] Pursuant to an earlier order from Judge Ambrose, Defendant had already paid Plaintiff $103,769.81 in April of 2008, so the remaining balance was $28,187.35.

[4] Plaintiff's counsel is the true party of interest at this point in the litigation.

Nevertheless, on April 2, 2010, Counsel moved the District Court to remand his motion for fees to the Board, arguing that the District Court lacked jurisdiction to award fees for work performed before the Board.  The District Court agreed that it lacked jurisdiction in this regard and that Counsel should have first brought his motion for fees, for work done before the Board, to the Board itself for its consideration.  See Schultz v. Potter, No. 05-1169, 2010 WL 2597697, at *2 (W.D. Pa. June 24, 2010).  Therefore, the Court modified its award to remove fees for work done before the Board (which reduced the fee award to approximately $7,000.00).  The Court declined to remand, explaining that there was nothing left in the case to remand, but noting that Counsel could attempt to file a motion for attorney fees with the Board.

Meanwhile, on July 14, 2010, Counsel filed with the Board the current fee petition for work performed before the Board in both the removal and the compliance actions.  The petition was initially denied by the AJ on November 10, 2010.  On April 4, 2012, the Board vacated the AJ's decision and issued its final order, finding that the petition for attorney fees incurred during the removal action was clearly untimely, and that Counsel was not entitled to fees for the compliance action because Plaintiff was not a "prevailing party" in that action before the Board.

Counsel then appealed the Board's decision to the Federal Circuit.  Defendant moved, on September 17, 2013, to have the case transferred to the District Court, pursuant to the Supreme Court's recent ruling in Kloeckner v. Solis, 133 S. Ct. 596 (2012), and the Federal Circuit agreed. Currently before the Court for consideration are Defendant's Motion to Dismiss and for Summary Judgment, Plaintiff's Cross Motion for Partial Summary Judgment, and Defendant's Motion to Strike Plaintiff's Motion for Partial Summary Judgment and Associated Documents.

## II. Standard of Review

The standard for judicial review of Board decisions is set forth in 5 U.S.C. 7703(c), which directs, after examining the record, the reviewing court to overturn any agency action, findings, or conclusions it finds to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence; except that in the case of discrimination . . . the employee or applicant shall have the right to have the facts subject to trial de novo by the reviewing court." The Third Circuit has held that a fee award is ordinarily reviewed on appeal for an abuse of discretion. See Kean v. Stone, 966 F.2d 119, 121 (3d Cir. 1992) (citing Rode v. Dellarciprete, 892 F.2d 1177, 1182 (3d Cir. 1990). Where the issue is whether the correct legal standard was applied, however, appellate review is plenary. See id. It should be noted that, upon review of the Board's decision regarding the attorney fee petition at issue in this particular case, the Court's ruling here would be the same, regardless of the standard used.

## III. Legal Analysis

### A. Defendant's Motion to Dismiss and for Summary Judgment

Before the Court is Defendant's Motion for Summary Judgment on Count I of Plaintiff's Second Amended Complaint—Petition for Review (Document No. 35, "Complaint") and Motion to Dismiss Counts II and III of the Complaint. In considering this administrative appeal, the sole issue before the Court is whether the Board properly denied Counsel's fee petition for work performed before the Board in connection with Plaintiff's removal and compliance actions. Specifically, the "removal" appeal refers to the action before the Board challenging the removal of Plaintiff from his position (the period ending with the Board's Final Order in Schultz III on

July 19, 2001), and the "compliance" action concerns the action before the Board in which Plaintiff sought to enforce the Board's earlier orders (the period beginning with the filing of Plaintiff's enforcement petition on September 17, 2001). Upon review, the Court agrees with the Board's dismissal of the petition seeking attorney fees for the removal appeal, but disagrees with the Board's denial of the petition requesting fees in connection with the compliance action.

First, in its Final Order, the Board found the petition for fees incurred during the removal appeal to be untimely filed without good cause shown for the filing delay. (Document No. 42-2, at 29). Plaintiff clearly prevailed on July 19, 2001 when the Board issued a final order on the merits of Plaintiff's appeal. See Schultz III, 89 M.S.P.R. 123, ¶ 11. A petition for fees must be filed within 60 days after the Board issues a final decision on the merits. See 5 C.F.R. 1201.203(d); Mynard v. Office of Pers. Mgmt., 108 M.S.P.R. 58, ¶ 8 (2008). The petition at issue here, however, was filed on July 14, 2010, nine years after the Board's final decision on the merits, and long after the deadline for filing had passed.[5]

The Court further agrees with the Board that Counsel has not shown good cause for his delay in filing. Involvement in ongoing compliance proceedings is not relevant to the deadline for filing a petition concerning the merits of an agency action. See Mynard, 108 M.S.P.R. 58, ¶ 8 (finding that the deadline for filing an attorney fee petition was not linked to the date of a final compliance decision, but, rather, to the date of a final initial decision on the merits); Ballentine v. Dept. of Justice, 33 M.S.P.R. 28, 29 (1987). Additionally, to the extent Counsel relies on his contention that Defendant has breached the terms of the parties' settlement agreement, that assertion is not only irrelevant to the timely filing of the petition for attorney fees

---

[5] The Board noted in its decision that, although Counsel filed a petition for attorney fees on September 17, 2001, he subsequently withdrew and refiled it multiple times, and the AJ later dismissed the petition pursuant to the parties' execution of their 2004 settlement agreement. (Document No. 42-2, at 24-25). The Court is, however, ruling only on the fee petition that is currently before it.

under 5 C.F.R. § 1201.203(d), but the parties' compliance with the settlement agreement is not an issue properly before this Court (see discussion, infra).  Finally, Counsel had a duty to be aware of the deadline for filing a petition for fees, as set forth at 5 C.F.R. § 1201.203(d), of which he was clearly notified by the Board in its Schultz III Order.  See Ballentine, 33 M.S.P.R. at 30.  Therefore, the Court finds that the Board properly dismissed Counsel's petition for attorney fees for work performed during the removal action as untimely filed without good cause shown for the filing delay.

Second, the Board found that Counsel was not entitled to fees for work done in the compliance action because Plaintiff was not a "prevailing party" in that action before the Board. (Document No. 42-2, at 37).  The Board, hence, denied Counsel's petition for fees for work performed in the compliance action for lack of entitlement.  However, as set forth supra, when the Board dismissed Plaintiff's petition for enforcement as untimely filed, Plaintiff filed appeals of that decision with both the Federal Circuit and the District Court.  With regard to the appeal before the Federal Circuit, that Court asserted that Plaintiff could not pursue the appeal in two venues, and Plaintiff moved to have the appeal before the Federal Circuit dismissed.  Plaintiff then proceeded with the appeal in the District Court before Judge Ambrose, which ultimately resulted in a back pay award.[6]

Nevertheless, when the Board considered whether Plaintiff was a prevailing party in the compliance action, it reasoned that, because the Board's compliance decision was appealed to the Federal Circuit and that appeal was subsequently dismissed, Plaintiff was not a prevailing party in the case before the Board.  (Document No. 42-2, at 37).  In support of its rationale, the

---

[6] Furthermore, Judge Ambrose specifically found Plaintiff to be a prevailing party in the compliance action when she considered Counsel's petition for fees incurred in that action. (Document No. 42-1, at 33-34).

Board specifically referred to the Federal Circuit as "[o]ur reviewing court" which "has exclusive judicial review authority of Board decisions," but the Board failed to consider the appeal which proceeded—and yielded an award for Plaintiff—in District Court.[7] (Document No. 42-2, at 37 n.13).

Upon review, the Court finds that the Board erred in disregarding Plaintiff's prevailing party status in the District Court compliance appeal, and in denying Counsel's petition for fees in that appeal based on lack of entitlement. It was disingenuous for the Board to assert that the Federal Circuit was its reviewing court, while turning a blind eye to the parallel appeal that continued in the District Court. Especially in light of the Supreme Court's holding in Kloeckner, which clarified that such an appeal is properly brought in the District Court, the outcome of the District Court appeal should have been considered by the Board in making its determination. As discussed, supra, Defendant abandoned, in the District Court appeal, the argument on which the Board had previously relied in dismissing the compliance claim. Because Plaintiff did, in fact, achieve prevailing party status in the underlying compliance action on appeal— which resulted in an award in Plaintiff's favor—the Board erred in denying Counsel's petition for fees for work done before it in connection with that compliance action. Therefore, as to Count I of the Complaint, the Court will remand this case to the Board for a determination of an award of attorney fees incurred for work done before the Board during the compliance matter.

---

[7] Soon after Counsel filed this appeal of the Board's decision dismissing the attorney fee petition with the Federal Circuit, the Supreme Court issued its opinion in Kloeckner v. Solis, 133 S. Ct. 596 (2012). Previously, the Circuits had been split on whether an employee seeking judicial review should proceed to the Federal Circuit or to the District Court when the Board has dismissed, on procedural grounds, a "mixed case" (a case involving an employee who alleges that a personnel action appealable to the Board was based on discrimination). In Kloeckner, the Supreme Court resolved the issue and clearly held that an employee who claims that an agency action appealable to the Board violates an antidiscrimination statute should seek judicial review in district court, not in the Federal Circuit, regardless of whether the Board decided the case on procedural grounds or on the merits. See id. at 607.

Similarly, but in a somewhat confused manner, Plaintiff asks in Count III of the Complaint that this same relief be granted on due process grounds, urging the Court to "rule that 5 C.F.R. § 1201.203(d) violates due process as applied by the MSPB when there is an appeal into district court from a MSPB order."  (Document No. 35, at 33).  Here, the matter that was appealed to the District Court from a Board order was Plaintiff's compliance action, which was subsequently handled by Judge Ambrose.  In Count III, Plaintiff requests that the Court find that Counsel's fee petition for this matter was timely filed, taking into consideration the Supreme Court's ruling in <u>Kloeckner</u> and the Third Circuit's holding in <u>Taylor v. United States</u>, 749 F.2d 171 (3d Cir. 1984), and Plaintiff seeks remand of the matter to the Board for a determination of the amount of fees payable.  (Document No. 35, at 33).  The Court has thoroughly evaluated this issue in considering Defendant's Motion for Summary Judgment on Count I of the Complaint, as set forth <u>supra</u>, and is remanding the case to the Board for reconsideration in light of this Order and a determination of attorney fees due for work performed during the compliance action that was successfully appealed to the District Court.  Because the Court is—as requested in Counts I and III—remanding the matter for reconsideration, the appeal before the District Court has not prevented Plaintiff from obtaining attorney fees incurred in connection with that compliance action, as Plaintiff contends.  Count III of the Complaint is therefore dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

Finally, Count II of the Complaint alleges a claim in the form of a "protective action for breach of the Settlement Agreement between the parties."  (Document No. 35, ¶ 107).  Plaintiff freely concedes in the Complaint that it is the United States Court of Federal Claims—and not this Court—that has primary jurisdiction over this breach of contract action pursuant to the

Tucker Act, 28 U.S.C. § 1491(a)(1). (Document No. 35, ¶ 108). Nevertheless, according to the Complaint, "if this matter does not settle or if this court does not reverse and remand the MSPB's April 4, 2012, order," then Plaintiff asks that the count be transferred to the United States Court of Federal Claims. (Document No. 35, ¶ 108). In considering Defendant's Motion for Summary Judgment on Count I of the Complaint, the Court is, in fact, remanding Plaintiff's case to the Board for reconsideration and a determination of attorney fees due for the compliance action. Additionally, Plaintiff is free to pursue a breach of contract claim seeking additional relief with the Court of Federal Claims if that Court deems such a claim to be proper. Accordingly, Count II of the Complaint, alleging breach of contract pursuant to the Tucker Act, will be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

Therefore, Defendant's Motion for Summary Judgment is granted in part and denied in part as to Count I, and Defendant's Motion to Dismiss Counts II and III is granted.

### B. Plaintiff's Motion for Summary Judgment and Defendant's Motion to Strike

Subsequent to the filing of Defendant's Motion to Dismiss and for Summary Judgment, Plaintiff filed a Cross Motion for Partial Summary Judgment ("Cross Motion") and a statement of material facts, in response to which Defendant filed a Motion to Strike Plaintiff's Motion for Partial Summary Judgment and Associated Documents ("Motion to Strike"). Defendant alleges in its Motion to Strike that Plaintiff's Cross Motion and accompanying documents fail to conform to the rules of the Court, and are otherwise redundant and immaterial. Regardless of whether Plaintiff's Cross Motion and accompanying documents are in strict compliance with the rules of the Court, or whether they are redundant or immaterial, the relief sought therein is sufficiently clear to the Court. Because the issues presented in Plaintiff's Cross Motion appear to

be addressed by the Court's decision, supra, regarding Defendant's Motion to Dismiss and for Summary Judgment, the Court will deny Defendant's Motion to Strike.

Therefore, Plaintiff's Cross Motion is granted to the extent that it seeks remand to the Board for a determination of attorney fees incurred in connection with Plaintiff's underlying compliance action before the Board, for the reasons set forth supra, and denied in all other respects.

## IV. Conclusion

In short, upon review of Defendant's Motion to Dismiss and for Summary Judgment, the motion is granted in part and denied in part. Specifically, the Court finds, with regard to Count I of Plaintiff's Complaint, that the Board properly dismissed Counsel's fee petition for work performed during Plaintiff's removal appeal as untimely filed without good cause shown for the filing delay. The Court finds further, however, that the Board erred in denying Counsel's fee petition for work done during Plaintiff's compliance matter for lack of entitlement. Additionally, the Court finds that Count II of the Complaint should be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction, and Count III of the Complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

Plaintiff's Cross Motion for Partial Summary Judgment is granted to the extent that it seeks remand to the Board for a determination of attorney fees incurred in connection with Plaintiff's compliance action before the Board, and denied in all other respects. Defendant's Motion to Strike Plaintiff's Motion for Partial Summary Judgment and Associated Documents is denied.

The Court hereby remands this case to the Merit Systems Protection Board for reconsideration consistent with this Order. Upon remand, the Board shall make a determination

of attorney fees incurred by Plaintiff during the Board compliance proceedings within ninety (90) days of this Order.

                                                    s/Alan N. Bloch
                                                    United States District Judge

ecf:        Counsel of record